IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 00-31461
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEAN C. KEATING,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CR-50033-ALL

---

May 29, 2001

Before GARWOOD, HIGGINBOTHAM and PARKER, Circuit Judges.

PER CURIAM:[*]

Sean C. Keating appeals the sentence he received after he pleaded guilty to failing to pay a past due child support obligation for more than two years in an amount in excess of $10,000, in violation of 18 U.S.C. § 228(a)(3). Keating's argument that the district court erred when it used the enhancement provision for minimal planning set forth in U.S.S.G. §

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2B1.1(b)(4)(A) lacks merit.  Under U.S.S.G. § 1B1.5(a) & (b)(1), the reference in section 2J1.1, n.2 to "§ 2B1.1 (Larceny, Embezzlement, and Other Forms of Theft)" must be taken as including the entire section 2B1.1 guideline, including section 2B1.1(b)(4)(A).  Section 1B1.5(b)(2) does not apply because the 2J1.1 reference is not merely "[a]n instruction to use a particular subsection or table from another offense guideline."

Although all failure-to-pay-child-support cases will involve moving out of state and an accumulation of unpaid obligations, Keating not only did not pay child support for more than four years, but further, as the PSR also recited, "constantly moved about, and . . . was usually paid cash by his employers in an effort to conceal his whereabouts and to avoid garnishment of his wages."  There was no challenge to these factual recitals.  Thus, the district court did not err when it enhanced Keating's sentence. *United States v. Lage*, 183 F.3d 374, 384 (5th Cir. 1999), *cert. Denied*, 528 U.S. 1163 (2000).

AFFIRMED